Paul BONE, Appellant,

v.

The STATE of Texas, Appellee.

No. 38110.

Court of Criminal Appeals of Texas.

May 26, 1965.

Rehearing Denied June 26, 1965.

Clyde, Hines & Craig, by Al Clyde, Fort Worth, for appellant.

Robert M. Mahanay, Dist. Atty., Cleburne, Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Our prior opinion ordering the appeal dismissed is withdrawn and the appeal is reinstated.

The offense is misapplication of public funds (Art. 95 P.C.); the punishment, 10 years.

Trial was before a jury in the District Court of Bosque County on a plea of not guilty, venue having been changed from Somervell County where the indictment was returned on April 16, 1964.

The indictment alleged that on or about the 31st day of March, 1964, Paul Bone (appellant) "was then and there the Sheriff and Tax Collector of Somervell County, Texas, and the said Paul Bone did then and there fraudulently take, misapply and convert to his own use Twenty One Thousand Five Hundred Forty Four and Seventy Two/100 Dollars in money, the same being then and there current money of the United States and which said money had theretofore come into and then and there was in the custody and poss(ess)ion of the said Paul Bone by virtue of his said office; which said money belonged to Somervell County, Texas * * *."

The evidence shows that appellant was the duly elected Sheriff and Tax Collector of Somervell County, having been first elected in 1957 and having served continuously up until the time he was removed from office shortly after April 1, 1964.

Somervell County having a population of less than 10,000 inhabitants, the provisions of Art. 7246 Vernon's Ann.Civ.St. were applicable and the sheriff was also the assessor and collector of taxes.

Among the duties of his office was the collecting of fees for the registration, license fees and license plates for motor vehicles. The total collections being less than $50,000 in a calendar year, all of such receipts were allocated to Somervell County.

As Tax Collector, appellant was required to report monthly to the State Highway Department giving a record of motor vehicle registrations and other fees. Copies of these records were retained at the Sheriff's office.

Miss Wynell Whitt, the County Treasurer, worked for appellant on a part time basis, issuing car licenses, license plates and registration receipts and collecting the fees therefor.

All such fees, whether cash or check, were customarily kept in an unlocked drawer in the Sheriff's office until such time as the Sheriff deposited them in the bank. At irregular intervals appellant issued checks payable to the County Treasurer, County Judge and County Auditor.

Eugene Brown, a certified public accountant who lived at Fort Worth, served as County Auditor for Somervell County by appointment of the District Judge, from 1960 until after April 1, 1964. Under his agreement with the Commissioners Court he was to come to the county once every three months to prepare the annual report and the budget, to set up books and to prepare the annual report of the County Treasurer " * * * and to check whatever I could or whatever I had time to, everything else."

During his term as County Auditor Mr. Brown, from time to time, checked the books, records and reports kept by appellant, including the automobile license registration reports " * * * to be sure that the money went into the County Treasurer."

Mr. Brown testified that the records in the Sheriff's office were always in very good condition but his reports were consistently late. In June or July, 1963, when he completed his work on the auto registration for 1962 Mr. Brown discovered a shortage between the amount collected, according to the reports of the appellant, and the amount paid to the County Treasurer and he discussed the matter with appellant who said he would check on it and let him know the next time he came down.

When he came back in October appellant " * * * said that the amount was correct and he would pay it."

The latter part of January, 1964, he again discussed the matter of the shortages with appellant " * * * and he said that he

had been busy and that he would make the amount up."

In the latter part of March, 1964, Mr. Brown went to appellant's office and told him that the shortages had to be made up and that he would be back in ten days and "* * * if he wasn't caught up, I would have to report it to the County Commissioners."

On March 30 and 31, 1964, receipts were issued by Mrs. Whitt for registration, license plates and fees, totalling $5,204.94. The cash and checks received by Mrs. Whitt were left in the usual place in the office.

On the night of March 31, 1964, appellant left Glen Rose.

Checks in the aggregate sum of $3,509.71 were found in the night depository at the First National Bank of Glen Rose. $308.77 was found in the Sheriff's office. The balance of $1,386.46 represented by the receipts introduced in evidence was missing.

Cecil Parker, who was named acting sheriff after appellant abandoned his office, and who at the time of trial was Auditor for Somervell County, testified as a witness for the state. On cross-examination appellant elicited from said witness the following:

"Q. After you were named acting Sheriff, when did you next see this defendant?

"A. When he returned, I have forgotten the exact date, but it was near the last of April.

"Q. The latter part of April?

"A. Yes sir.

"Q. At that time, did he deliver anything to you?

"A. Yes sir, he—not when I first saw him. Do you mean during that day?

"Q. Yes.

"A. He turned over $800.00 to me.

"Q. In cash?

"A. Yes sir, forty twenty dollar bills.

"Q. Did you have any conversation as to what that was?

"A. As well as I remember, he told me that was what he had left."

The court charged the jury on the law of circumstantial evidence and authorized the jury to convict upon a finding beyond a reasonable doubt that appellant misapplied or converted to his own use $21,544.72 or any lesser amount of current money of the United States belonging to Somervell County that had come into his possession by virtue of his office. "Current money" as used in the charge was defined as currency and coins issued by the United States Government.

Viewed in the light most favorable to the jury's verdict, we find the evidence sufficient to sustain the jury's findings.

Appellant's remaining ground for reversal is that the trial court erred in failing and refusing to charge the law of accomplices insofar as the witness Temple Summers, County Judge, and Eugene Brown, former Auditor, were concerned.

The contention is that these witnesses, having knowledge of the commission of the offense, failed to act which made them accessories and accomplice witnesses.

No exception to the charge or requested charges appear in the transcript. The claimed errors are not before us for review. We express the view, however, that the evidence did not raise the issue or show that the named witnesses were accessories or accomplice witnesses.

No reversible error appearing, the judgment is affirmed.